UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANOPIUS US INSURANCE, INC.,<br><br>            Plaintiff,<br><br>    vs.<br><br>FIVE BROTHERS REALTY HOLDINGS<br>CORP. and LINDA A. LAIN,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.:  7:19-cv-6840

**DECLARATORY JUDGMENT
COMPLAINT**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, CANOPIUS US INSURANCE, INC. ("Canopius US"), by its attorneys, Fleischner Potash LLP, as and for a complaint against defendants FIVE BROTHERS REALTY HOLDINGS CORP. ("Five Brothers") and LINDA A. LAIN ("Lain")  respectfully alleges as follows:

1.    Plaintiff, Canopius US seeks a declaration that pursuant to the Heat Warranty and the Utility Clause contained in the Insurance Policy issued to Five Brothers and on which Lain is named as a Mortgagee, Additional Insured, Lienholder, it has no obligation to provide coverage for a Property Loss sustained on December 14, 2018 at 166 Crowley Road Freemont, New York.

## PARTIES

2.    Plaintiff Canopius US is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 200 S Wacker Drive, Suite 950, Chicago, Illinois 60606.

3.      Upon information and belief, defendant Five Brothers is a New York Corporation with its principal place of business located at 240 North Avenue, Suite 212, New Rochelle, New York 10601.

4.      Upon information and belief, defendant Lain is an individual residing at 193 King Street, Staten Island, New York 10308.

## JURISDICTION AND VENUE

5.      The amount in controversy exceeds the sum or value of Seventy Five Thousand ($75,000) Dollars exclusive of interest and costs.

6.      This is an action between citizens of different states and diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

7.      Venue is proper pursuant to 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8.      This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

## CANOPIUS US POLICY

9.      Canopius US issued Policy No. OUH 0003251 to Five Brothers for the policy period of January 18, 2018 to January 18, 2019 (hereinafter, "Policy"). A true and complete copy of the Policy is attached hereto as **Exhibit "A"**.

10.     The Canopius US Policy was issued for the described location:   166 Crowley Road, Fremont Center, New York.

11.     The Policy describes the occupancy of 166 Crowley Road as "Single Family" and "Owner-Secondary Residence."

12.     The Policy includes the following Property Coverage and Perils Insured Against provisions:

### SECTION I - PROPERTY COVERAGES

#### A. Coverage A- Dwelling

*1. We cover:*

*a. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and*
*b. Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises".*

*2. We do not cover land, including land on which the dwelling is located.*

#### C. Coverage C - Personal Property

*1. Covered Property*

*We cover personal property owned or used by an "insured" while it is anywhere in the world. After a loss and at your request, we will cover personal property owned by:*

*a. Others while the property is on the part of the "residence premises" occupied by an "insured"; or*
*b. A guest or a "residence employee", while the property is in any residence occupied by an "insured".*

### SECTION I - PERILS INSURED AGAINST

#### A. Coverage A - Dwelling and Coverage B - Other Structures

*1. We insure against risk of direct physical loss to property described in Coverages A and B.*
*2. We do not insure, however, for loss:*
*a. Excluded under Section I- Exclusions;*
*b. Involving collapse. except as provided in E.8. Collapse under Section I – Property Coverages; or*
*c. Caused by:*

(1) *Freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This provision does not apply if you have used reasonable care to:*

       (a) *Maintain heat in the building; or*

       (b) *Shut off the water supply and drain all systems and appliances of water.*

       *However, if the building is protected by an automatic fire protective sprinkler system, you must use reasonable care to continue the water supply and maintain heat in the building for coverage to apply.*

       *For purposes of this provision a plumbing system or household appliance does not include a sump, sump pump or related equipment or a roof drain, gutter, downspout or similar fixtures or equipment;*

13.    The Policy's SCUS PL 005 02 16 **Property Standard Clauses and Exclusions** includes the following Heat Warranty:

### HEAT WARRANTY

    *It is agreed and understood that, as a condition of this insurance, the dwelling will be heated to a minimum temperature of at least 55° Fahrenheit.*

The Policy's **Secondary/Seasonal Home Endorsement ARFA381 (09/10)** includes the following Utility Clause:

### UTILITY CLAUSE

    *The insured agrees to maintain a temperature to a minimum of 55 degrees Fahrenheit at each insured dwelling. Failure to maintain the temperature to this level will result in the exclusion of losses which are caused by freezing. All other terms, clauses and conditions remain unchanged.*

## RELEVANT FACTS

14.    Five Brothers submitted a claim seeking coverage for a loss at 166 Crowley Road in Freemont, New York (the "Dwelling").

15.    The Dwelling is a secondary/seasonal home.

16.     The loss occurred on or about December 14, 2018.

17.     The loss resulted from a pipe that froze and burst in an upstairs bathroom of the Dwelling and caused water damage.

18.     As stated and alleged above, the Policy's Heat Warranty states that "(i)t is agreed and understood that, as a condition of this insurance, the dwelling will be heated to a minimum temperature of at least 55° Fahrenheit."

19.     As stated and alleged above, the Policy's Utility Clause states that "(t)he insured agrees to maintain a temperature to a minimum of 55 degrees Fahrenheit at each insured dwelling. Failure to maintain the temperature to this level will result in the exclusion of losses which are caused by freezing. All other terms, clauses and conditions remain unchanged."

20.     At the time of the loss no one was present at the Dwelling.

21.     At the time of the loss, the temperature in the Dwelling was below 55 degrees.

## CLAIMS HANDLING

22.     Four Brothers submitted a Property Loss Notice to Canopius US through its insurance agent on or about December 17, 2018.

23.     Canopius US then retained Johns Eastern Company, Inc. ("Johns Eastern") as its third party administrator for the claim.

24.     Five Brothers executed a Non-Waiver Agreement on January 7, 2019. A true and complete copy of the Non-Waiver Agreement is attached hereto as **Exhibit "B"**.

25.     Johns Eastern retained Rimkus, New York, PLLC ("Rimkus") as a structural engineer.

26.     By letter dated February 1, 2019 to Five Brothers, Johns Eastern on behalf of Canopius US requested certain information, identified applicable policy wording and reserved all

rights. A true and complete copy of the February 1, 2019 letter is attached hereto as **Exhibit "C"**.

27.     Rimkus performed a survey and inspection of the Dwelling on February 19, 2019.

28.     During the investigation process, Johns Eastern and Rimkus learned, among other things, that Five Brothers was alleging approximately $101,000 in damages to the Dwelling, although Canopius US disputes that amount.

29.     By letter dated May 10, 2019 to Five Brothers, Johns Eastern on behalf of Canopius US denied coverage for the claim based upon, among other things, failure to comply with the Heat Warranty and the Utility Clause Exclusion on the Policy.  A true and complete copy of the May 10, 2019 letter is attached hereto as **Exhibit "D"**.

## FIRST CAUSE OF ACTION

### HEAT WARRANTY

30.     Canopius US repeats and re-alleges each and every allegation contained in Paragraphs 1 through 29 of this complaint, as if fully set forth at length herein.

31.     Pursuant to the Policy's Heat Warranty, Five Brothers was bound as a condition of the insurance to heat the Property to a minimum temperature of at least 55 degrees Fahrenheit.

32.     Five Brothers failed to comply with the requirements of the Policy's Heat Warranty.

33.     Accordingly, Canopius US is entitled to a declaration and judgment that it has no obligation to provide indemnity coverage for the instant claim.

## SECOND CAUSE OF ACTION

## UTILITY CLAUSE

34.     Canopius US repeats and re-alleges each and every allegation contained in Paragraphs 1 through 33 of this complaint, as if fully set forth herein.

35.     Pursuant to the Policy's Utility Clause, Five Brothers was bound to maintain a temperature of 55 degrees Fahrenheit in the Dwelling, and failure to do so would result in the exclusion of losses caused by freezing.

36.     Five Brothers failed to comply with the requirements of the Policy's Utility Clause.

37.     Accordingly, Canopius US is entitled to a declaration and judgment that it has no obligation to provide indemnity coverage for the instant claim.

**WHEREFORE**, plaintiff CANOPIUS US INSURANCE, INC. seeks a declaration and judgment against defendants FIVE BROTHERS REALTY HOLDINGS CORP. and LINDA A. LAIN that it has no obligation to provide indemnity coverage to said defendants for the instant claim, together with such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       July 23, 2019

FLEISCHNER POTASH LLP

By:
       William M. Billings (WB 8954)
*Attorneys for Plaintiff*
303 Old Tarrytown Road
White Plains, New York 10603
646-520-4200
Our File No.: 446-21825